UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

AMILCAR ESCOBAR,                                    Civil Action No.:
                                                    21-CV-9061 (AJN) (SLC)
                              Plaintiff,

                                                    **REPORT OF RULE 26(F)**
             -and-                                  **CONFERENCE AND**
                                                    **PROPOSED CASE**
RANDA ACCESSORIES LEATHER GOODS, LLC, JOHN          **MANAGEMENT PLAN**
DOES   1-5,   and   ABC   PARENT/SUBSIDIARY
CORPORATIONS 1-5,

                              Defendants.

------------------------------------------------------------------------x

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Cave's Individual Practices, the parties met on December 14, 2021 and exchanged communications thereafter.  The parties now submit the following report for the Court's consideration:

1.    **Court Expectations**:

**Rule l and Rule 26(b)(1)**. Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality**. Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests**. Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Cave's Individual Practices Page.**

**Counsel represent by their signature below that they have read and will comply with the above.**

1

2.    **Summary of Claims, Defenses, and Relevant Issues**:

Plaintiff(s):

Plaintiff alleges that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, the New York State Human Rights Law (New York Executive Law) § 290 *et seq.*, and the New York City Human Rights Law (New York City Administrative Code) § 8-101, *et seq.* when it terminated his employment due to his national origin.

Defendant(s):

Defendant Randa Accessories Leather Goods LLC ("Defendant" or "Randa") denies all liability in this matter.  In connection with the rise of the COVID-19 pandemic in March 2020, the apparel industry experienced an immediate and unprecedented drop in demand for clothing and fashion accessories, especially those commonly associated with office apparel.  With its business effectively shut down and its revenue stream decimated with no predictability as to a foreseeable turnaround, Randa was faced with a business crisis.  In response, the company took immediate cost-saving measures.  Randa ceased payments of rent and licensing fees, cancelled product orders and extended supplier payment terms.  In addition, Randa implemented a widespread reduction of its workforce.  In order to identify positions for elimination, Randa considered which jobs:  (1) were not essential to the operations of the company during a "hibernation" period – meaning, a time during which all operations would effectively be on hold; and (2) would not be necessary  even after the COVID-19 crisis passed given the much smaller anticipated scale of the business.  Based on those criteria, Randa terminated almost 25% of its employees on March 23, 2020.  Among the positions that Randa eliminated was the position of Director of International Sales, which was held by Plaintiff Amilcar Escobar.

Escobar's position was eliminated and its responsibilities were absorbed by the Vice President of Sales in New York.  Notably, Escobar was not the only Director in the Sales Division whose position was eliminated.  Randa also eliminated another Director position, and Randa eliminated the position of the Sales Division President to whom  Mr. Escobar reported.  Notwithstanding Mr. Escobar's allegation of discrimination, the other Director and the Sales Division President whose positions were eliminated along with Mr. Escobar's, and who both also lost their jobs, were White (non-Hispanic or Latino).  In total, COVID-related reductions  in force resulted in job losses at Randa for 76 employees, including Mr. Escobar, a reduction of almost 40% of the company's pre-pandemic workforce.  Randa respectfully submits that it is indisputable that its business response to the COVID-19 pandemic is the legitimate, non-discriminatory reason for eliminating Mr. Escobar's position.  Moreover, it is clear that Mr. Escobar is unable to draw any connection between his national origin or ethnicity and Randa's decision to terminate his employment.

3.    **Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction)**:

Plaintiff has invoked the jurisdiction of this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. §§ 1331, and 1343(a)(3)-(4), and 28 U.S.C. § 1367(a).  The Parties do not dispute jurisdiction.

4.    **Subjects on Which Discovery May Be Needed**:

Plaintiff(s):

Plaintiff seeks discovery on all relevant matters necessary to establish the claims contained in the complaint, including but not limited to employees' personnel and performance records, Defendants' financial statements, profit/loss statements, Defendants' economic forecasts, and Defendants' market-share analysis.

Defendant(s):

Defendant seeks discovery on all relevant communications and documents in Plaintiff's possession concerning the claims and defenses in this matter as well as discovery concerning Plaintiff's potential damages in this matter.

5.    **Informal Disclosures**:

The Parties will disclose the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on January 20, 2022.  Also on January 20, 2022, the Parties will produce an initial set of relevant documents identified in the Initial Disclosures and will continue to supplement their productions.

6.    **Discovery Plan**:

The parties jointly propose the following discovery plan:

A.    All fact discovery must be completed by July 18, 2022.  Within one week of the close of fact discovery, that is July 25, 2022, the parties must file a joint letter on the docket certifying that fact is discovery is complete.

B.    The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and Judge Cave's Individual Practices.  The following interim deadlines may be extended by the parties on written consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in paragraph 6(A) above.

   i.    Depositions:  Depositions shall be completed by July 18, 2022 and limited to no more than three depositions per party (subject to alteration after the Initial

Conference in the instant matter).  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

ii. <u>Interrogatories</u>:  Initial sets of interrogatories shall be served on or before February 11, 2022.  All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

iii. <u>Requests for Admission</u>:  Requests for admission must be served on or before February 11, 2022 and in any event no later than 30 days before the fact discovery deadline.

iv. <u>Requests for Production</u>: Initial requests for production will be exchanged on February 11, 2022 and responses shall be due on March 11, 2022.  All subsequent requests for production must be served no later than 30 days before the discovery deadline.

v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

7.   **Anticipated Discovery Disputes**:

Describe any anticipated discovery disputes or proposed limitations on discovery:  At this time, the Parties do not anticipate any discovery disputes.

8.   **Amendments to Pleadings**:

a. Does any party anticipate amending the pleadings?

At this time, the Parties do not anticipate any amendments to the pleadings.

b. Last date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) is March 1, 2022. Amendment of pleadings after this date will only be permitted upon a showing of "good cause" under Fed. R. Civ. P. 16(b)(4).

9.   **Expert Witness Disclosures**:

a. Does any party anticipate utilizing experts?

At this time, the Parties do not anticipate utilizing experts.

b. Expert discovery shall be completed by September 19, 2022.  Within one week of the close of expert discovery, that is September 19, 2022, the parties must file a joint letter on the docket certifying that all discovery is complete.  This letter should also state which dispositive motions, if any, each party intends to file.

10. **Electronic Discovery and Preservation of Documents and Information**:

    a. Have the parties discussed discovery of electronically stored information (ESI)?

    Yes.

    b. Is there an ESI discovery protocol in place?  If not, the parties expect to have one in place by April 1, 2022.  The Parties intend to revisit this issue after the exchange of initial discovery responses.

    c. Are there issues the parties would like to address concerning preservation of evidence and/or ESI discovery at the Initial Case Management Conference?

    No.

11. **Early Settlement or Resolution**:

    The Parties have discussed the possibility of settlement and the Parties are currently participating in the mandatory SDNY mediation process in counseled employment discrimination cases.  In the event that the case does not settle at that time, the Parties request a settlement conference with the Court after the close of paper discovery and before depositions.  The following information is needed before settlement can be discussed:  additional paper discovery.

12. **Trial**:

    a. The parties anticipate that this case will be ready for trial by January 2, 2023.

    b. The parties anticipate that the trial of this case will require five days.

    c. The parties do not consent to a trial before a Magistrate Judge at this time.

    d. The parties request a jury trial.

13. **Other Matters**:      NA.

Respectfully submitted this 27th day of December, 2021.


PITTA LLP                                    PADUANO & WEINTRAUB LLP


By: /s/ Stephen McQuade_____             By: /s/ Noah H. Bunzl_____
        Stephen McQuade                              Meredith Cavallaro
                                                     Noah H. Bunzl

120 Broadway, 28th Floor                     1251 Avenue of the Americas, 9th Floor
New York, New York 11554                     New York, New York 10020
(212) 652-3885                               (212) 785-9100

*Attorneys for Plaintiff*                    *Attorneys for Defendant*
*Amilcar Escobar*                            *Randa Accessories Leather Goods LLC*


Dated: New York, New York
          _____ _____, 202_


                                             SO ORDERED.


                                             _____


                                             SARAH L. CAVE
                                             United States Magistrate Judge