UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
AMILCAR ESCOBAR,                                  Civil Action No.:
                                                  21-CV-9061 (AJN) (SLC)
                        Plaintiff,

        -and-                                     **DISCOVERY
                                                  CONFIDENTIALITY
                                                  ORDER**

RANDA ACCESSORIES LEATHER GOODS, LLC, JOHN
DOES 1-5, and ABC PARENT/SUBSIDIARY
CORPORATIONS 1-5,

                        Defendants.
------------------------------------------------------------------------x

       The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, the Court hereby ORDERS that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all non-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms:

       1.    Any person subject to this Order who receives from any other person any "Discovery Material" *(i.e.,* information of any kind provided in the course of discovery in this action) shall not disclose that Discovery Material to anyone else except as expressly permitted hereunder.

       2.    All Discovery Material produced or disclosed in connection with this action shall be used solely for the prosecution or the defense of this action (including any appeal therefrom) and for no other purpose.

       3.    The person producing any given Discovery Material may designate as "Confidential" material that consists of:

  (a)  financial information not previously disclosed to the public;

  (b)  material not previously disclosed to the public relating to ownership or control of any non-public company;

  (c)  business or marketing plans not previously disclosed to the public;

  (d)  proprietary business information or communications, or other confidential research, development, or commercial information or communications;

  (e)  any information of a personal or intimate nature regarding any individual, including but not limited to any information or data defined as "personal data" as that term is defined in applicable data privacy laws or regulations;

  (f)  information for which applicable law requires confidential treatment; or

  (g)  any other category of information hereinafter given confidential status by the Court.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "Confidential" shall not be disclosed to any person, except:

  (a)  The requesting party and counsel, including in-house counsel;

  (b)  Employees of such counsel assigned to and necessary to assist in the litigation;

  (c)  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

(d) The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

4. With respect to Confidential Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such Discovery Material as "Confidential" by stamping or otherwise clearly marking "Confidential" on the Discovery Material in a manner that will not interfere with legibility or audibility. Deposition testimony and exhibits may be designated as Confidential either on the record during the deposition or within twenty-one (21) days of receipt of the transcript. Until such time period expires without designation having made, the entire deposition transcript and exhibits shall be treated as Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the disclosing person. If the disclosing person designates the entire deposition transcript and/or exhibits, or any portion thereof, as Confidential, the designated portions of the transcript and/or exhibits shall be bound in a separate volume and marked "Confidential Information Governed by Discovery Confidentiality Order" by the reporter.

6. If at any time prior to the trial of this action, a party — other than the person who produced and originally designated such material — believes that some portion(s) of Discovery Material were previously produced without a proper designation (including being subject to a less restrictive designation), that party may notify all parties and the producing person in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order until any dispute about the proper designation is resolved. In addition, the producing person and the party seeking a new designation will consult and attempt to agree upon the proper designation. If they are unable to resolve any dispute about the proper designation of such Discovery Material, counsel for all affected persons will convene

a joint telephone call with the Court to obtain a ruling.  The party seeking a different designation shall also provide to each other party (and, if necessary, the producing person) replacement versions of such Discovery Material that bears the new designation within five (5) business days of agreement upon such designation or resolution by the Court of any dispute or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

7. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material he previously produced was not properly designated (including being subject to a less restrictive designation), he may so designate by notifying all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.  In addition, the producing person shall provide all parties with replacement versions of such Discovery Material that bears the "Confidential" designation within five (5) business days of providing such notice, or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

8. Other than the producing person, no person subject to this Order (including any witness to whom Confidential Discovery Material has been provided pursuant to subparagraph (c) below) shall disclose any of the Confidential Discovery Material to any other person whomsoever, except to individuals described in the below subparagraphs:

> (a) the parties to this action and, with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;
>
> (b) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(c) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has, prior to disclosure, been advised of the contents of this Order;

(d) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;

(e) stenographers engaged to transcribe depositions conducted in this action;

(f) independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(g) the Court and its support personnel; and

(h) any other person whom the producing person, or other person designating the Discovery Material Confidential agrees in writing may have access to such Discovery Material.

9. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraph 8(c) above, such person shall be provided by counsel with a copy of this Order and shall, prior to disclosure, be advised of the contents of this Order. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraph 8(d) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-

Disclosure Agreement, and produce it to opposing counsel prior to such person being permitted to testify (at deposition or trial).

10. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their reasonable best efforts to minimize such sealing.

11. Any party who either objects to any designation (or lack thereof), or who requests further limits on disclosure, may at any time prior to the trial of this action serve upon the designating person or its counsel a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

12. Each person who has access to Discovery Material produced by others that has been designated as Confidential shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a producing person claims that it has inadvertently produced Discovery Material that is subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed

Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. The receiving party may move, pursuant to a respective judge's individual rules of practice, the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact of the inadvertent production.

17. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18. A non-party from whom the parties seek discovery may designate Discovery Material as "Confidential" consistent with the terms of this Order. In such circumstances, Discovery Material designated Confidential by a non-party shall be assigned the same protection as Discovery Material so designated by a party, and all duties applicable to a party under this Order shall apply to a non-party designating Discovery Material as Confidential. All obligations applicable under this Order to parties receiving Discovery Material shall apply to any party receiving Discovery Material from such non-party. Any party who serves a subpoena on a non-party shall provide such non-party with a copy of this Order.

19. If, at any time, any Discovery Material governed by this Order is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena

or request is directed, to the extent permitted by law, shall promptly give written notice to the producing person and include with that notice a copy of the subpoena or request.  The person to whom the subpoena or request is directed also shall not produce documents for at least ten (10) days after notice of the subpoena is provided to the producing person in order to provide the producing person a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move, pursuant to a respective judge's individual rules of practice, for any protection for the Discovery Material.  In no event shall such Discovery Material subject to this Order be produced by a person receiving a subpoena or request without providing the producing person an opportunity to quash, limit or object, absent a Court order to do so or as otherwise required by law.  In the event that Discovery Material designated as "Confidential" under this Order is produced in response to a subpoena or request, the recipient of the subpoena or request shall take commercially reasonable steps to ensure that the protections afforded under this Order shall continue to apply to such Discovery Material.

20. This Order shall survive the termination of the litigation.  Within sixty (60) calendar days after the final conclusion of all aspects of this action by judgment not subject to further appeal or by settlement, the parties shall take commercially reasonable efforts to ensure that all Discovery Material and all copies thereof (including electronic information) shall be returned or destroyed and the disclosing party, upon request, shall be provided with a certification stating that the disclosing party's documents have been destroyed.  As to those materials containing Discovery Material that constitute counsel's work product that were served in this action, filed with the Court and/or marked as trial exhibits, counsel may retain such documents if such counsel otherwise comply with this Order with respect to such retained material.

21. This Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflict of law principles of the State of New York. Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with its rules.

22. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

SO STIPULATED AND AGREED.

Dated: January 10, 2022

| | |
|---|---|
| **PITTA LLP** | **PADUANO & WEINTRAUB, LLP** |
| By: /s/ Stephen Mc Quade | By: /s/ Noah H. Bunzl |
| Stephen Mc Quade, Esq. | Noah H. Bunzl, Esq. |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 120 Broadway, 28th Floor | 1251 Avenue of Americas, 9th Floor |
| New York, New York 10271 | New York, New York 10020 |
| (212) 652-3885 – *Telephone* | (212) 554-3325 – *Telephone* |
| smcquade@pittalaw.com | nhb@pwlawyers.com |

SO-ORDERED

_____
Honorable Sarah L. Cave, U.S.M.J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
AMILCAR ESCOBAR,                                    Civil Action No.:
                                                    21-CV-9061 (AJN) (SLC)
                        Plaintiff,

        -and-                                       **DISCOVERY
                                                    CONFIDENTIALITY
                                                    ORDER**

RANDA ACCESSORIES LEATHER GOODS, LLC, JOHN DOES 1-5, and ABC PARENT/SUBSIDIARY CORPORATIONS 1-5,

                        Defendants.
------------------------------------------------------------------------x

I, _____, acknowledge that I have read and understand the Discovery Confidentiality Order in this action. I agree that I will use Discovery Material solely for the prosecution or defense of this action and for no other purpose and that at the conclusion of the litigation I will return all Discovery Material I have received to the party or attorney from whom I received it. In addition, I agree that I will not disclose Discovery Material designated as Confidential except as authorized by the Discovery Confidentiality Order. By acknowledging these obligations under the Discovery Confidentiality Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Discovery Confidentiality Order could subject me to punishment for contempt of Court.

DATED: _____           _____